UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONYA GREENE,

          Plaintiff,

                              Case No. 12-cv-11631

vs.                                    HON. GERSHWIN A. DRAIN

ERIC K. SHINSEKI, Secretary of
Veterans Affairs
          Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#69]

Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's December 23, 2013 Order Granting Defendant's Motion for Summary Judgment. *See* Dkt. #67. The Plaintiff's Complaint contains two counts, Count One Hostile Work Environment and Count Two Retaliation. The substance of Plaintiff's current Motion does not challenge the Court's Order regarding Count One, instead it focuses on Count Two.

To establish a prima facie case for retaliation Plaintiff had to show that but for her complaints about emails and filing an Equal Employment Opportunity ("EEO") complaint, she would not have suffered adverse employment actions. *Univ. of Texas S.W. Med. Ctr. v. Nassar*, _ U.S. _, 133 S.Ct. 2517, 2534 (2013). Plaintiff argues that after she engaged in protected activity the Defendant retaliated against her. Plaintiff's temporal argument, standing alone, is not sufficient to establish a prima face case for retaliation. *See Tuttle v. Metro. Gov't of*

*Nashville*, 474 F.3d 307, 321 (6th Cir. 2007); *see also Moore v. KUKA Welding Sys.*, 171 F.3d 1073 (6th Cir.1999) (holding that adverse employment action must be taken shortly after protected activity to establish causal link).  Plaintiff filed a formal complaint using the Defendant's EEO process in August of 2010.  In her current Motion, Plaintiff argues "significant retaliatory acts" began in June 2011.  The Sixth Circuit does not have a "bright-line rule" for temporal connections in retaliation, but it has found a four month period is insufficient to establish a prima facie case of retaliation. *Cooper v. City of North Olmsted*, 795 F.2d 1265 (6th Cir.1986).  In 2004, the Sixth Circuit held a three month period is "sufficiently close in time" to raise an inference of retaliation.  *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 563 (6th Cir.2004).  There was a ten month period between Plaintiff's protected activity and the purported retaliatory conduct.  Therefore, it is well-settled in this Circuit the period at issue herein is insufficient to establish retaliation by time alone.  Therefore, Plaintiff failed to establish a prima facie case for retaliation, and the court entered a judgment in favor of the Defendant on Plaintiff's retaliation claim on December 23, 2013.

The standard of review for a motion to reconsider is provided in Local Rule 7.1(h)(3) of this Court:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication shall not be granted.  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions

that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Plaintiff argues that the Court should reconsider its ruling because questions of fact exist as to whether Defendant terminated Plaintiff for non-retaliatory reasons. Pl.'s Mot. at 3. This is the same argument she advanced in her Motion for Summary Judgment. Therefore, this court has already received and rejected this argument as unpersuasive. *See Smith*, 298 F.Supp.2d at 637. Because Plaintiff has not demonstrated a "palpable defect" in the Order granting Defendant's Motion for Summary Judgment, her Motion for Reconsideration [#69] is DENIED.

SO ORDERED.

Dated: January 22, 2014

/s/ Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE